UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON F. HYERS ET AL. | CIVIL ACTION |
| VERSUS | NO. 26-286 |
| JEFFREY M. LANDRY ET AL. | SECTION "R" (3) |

**ORDER**

*Pro se* Plaintiffs Jon F. Hyers and Elizabeth R. Glass filed the instant suit against Governor Jeffrey M. Landry and Louisiana Secretary of State Nancy Landry.[1] Plaintiffs allege that Defendants have cause them irreparably injury by signing into law House Bill 17 and Senate Bill 1.[2] Plaintiffs brought this action under 42 U.S.C. § 1983 and claim that the aforementioned events were a violation of their rights under the First and Fourteenth Amendments, the Privileges and Immunities Clause of Art. IV, § 2, the Guarantee Clause of Art. IV, § 4, and eligibility for election under Art. I, § 2.[3]

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). Summons has not issued, however, to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, Plaintiff's Complaint appears not to meet those requirements.

"There is no absolute right to be allowed to proceed in forma pauperis in civil

[1] R. Doc. 1 at 1–2.
[2] *Id*. at 4.
[3] *Id*. at 3.

matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.*

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that**--
>
> > **(A)** the allegation of poverty is untrue; or
> > **(B)** the action or appeal--
> > **(i)** is frivolous or malicious;
> > **(ii)** fails to state a claim on which relief may be granted; or
> > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, Plaintiffs fail to state how Defendants' alleged actions violated each of the constitutional rights listed in the Complaint. In addition, Plaintiffs must allege

specific facts demonstrating how Defendants' actions have caused their injuries and, moreover, identify any concrete and particularized injuries.

Accordingly,

**IT IS ORDERED** that the Plaintiffs Jon F. Hyers and Elizabeth R. Glass file a memorandum to **SHOW CAUSE** on or before **March 16, 2026,** why their Complaint should not be summarily dismissed as frivolous and/or for failure to state a claim upon which relief can be granted. Insofar as Plaintiffs have further factual information relative to these allegations, they must amend their Complaint to set forth all known details by the same deadline.

New Orleans, Louisiana, this 11th day of February, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE