UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON F. HYERS ET AL. | CIVIL ACTION |
| VERSUS | NO. 26-286 |
| JEFFREY M. LANDRY ET AL. | SECTION "R" (3) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiffs Jon F. Hyers and Elizabeth R. Glass filed the instant suit against Governor Jeffrey M. Landry and Louisiana Secretary of State Nancy Landry in their official capacities.[1] Plaintiffs allege that Defendants have caused them irreparable injury through several state election laws.[2] As discussed below, Plaintiffs' allegations fail to state a viable claim.

The Court has permitted Plaintiffs to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). Summons has not issued, however, to allow the Court to review Plaintiffs' Complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. The Court ordered that Plaintiffs show cause why their Complaint should not be dismissed for failure to state a claim.[3] Plaintiffs responded to that order.[4] Their Complaint and response to the show cause order do not meet the *in forma pauperis* requirements.

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the

---

[1] R. Doc. 1 at 1–2.
[2] *Id*.; R. Doc. 8.
[3] R. Doc. 7.
[4] R. Doc. 8.

1

action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.*

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **t**he court shall dismiss the case at any time if the court determines that--
>
> > **(A)** the allegation of poverty is untrue; or
> > **(B)** the action or appeal--
> > **(i)** is frivolous or malicious;
> > **(ii)** fails to state a claim on which relief may be granted; or
> > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As a threshold matter, sovereign immunity bars Plaintiffs' claims. The Fifth Circuit has explained:

> States are immune from private suits unless they consent or unless Congress validly strips their immunity. *See Sossamon v. Texas*, 563 U.S. 277 (2011) (citing *Alden v. Maine*, 527 U.S. 706, 715 (1999); The Federalist No. 81, p. 511 (B. Wright ed. 1961) (A. Hamilton)); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996); *see also* U.S. Const.

amend. XI. Despite this general rule, *Ex parte Young* permits plaintiffs to sue a state officer in his official capacity for an injunction to stop ongoing violations of federal law. *Ex parte Young*, 209 U.S. 123, 155–56 (1908); *see also Whole Woman's Health v. Jackson*, ⸺ U.S. ⸺, 142 S. Ct. 522, 532 (2021). The officer sued must have "*some* connection with the enforcement of the [challenged] act." *Young*, 209 U.S. at 157 (emphasis added).

*Texas All. for Retired Americans v. Scott*, 28 F.4th 669, 671–72 (5th Cir. 2022). The generalized duties of the Governor or Secretary of State are insufficient to meet this requirement. *See id.* at 674. Here, Plaintiffs rely on those generalized duties. Thus, Plaintiffs' allegations are insufficient to assess whether the Defendants have the requisite enforcement connection relative to the various laws cited by Plaintiffs. This alone requires the dismissal of Plaintiffs complaint.

Legislative immunity also bars Plaintiffs' claims against Governor Landry. Plaintiffs allege that Governor Landry is liable for having signed several pieces of legislation into law.[5] "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (citing *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Governor Landry's actions "were legislative because they were integral steps in the legislative process." *Id.* at 55; *see Smiley v. Holm*, 285 U.S. 355, 372–73 (1932) (recognizing that a Governor's signing or vetoing of a bill constitutes part of the legislative process). Plaintiffs do not identify any other actions that would subject Governor Landry to liability. Accordingly, Plaintiffs' claims against Governor Landry should be dismissed for this additional reason.

---

[5] *Id.* at 7–13.

Setting aside the immunities discussed above, Plaintiffs' claims also fail on the merits. Most of the claims hinge on the Elections Clause. The Elections Clause, Art. I, § 4, cl. 1, provides:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the places of chusing Senators.

"In practice, the Clause functions as 'a default provision; it invests the States with responsibility for the mechanics of congressional elections, but only so far as Congress declines to pre-empt state legislative choices.'" *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1, 9 (2013) (quoting *Foster v. Love*, 522 U.S. 67, 69 (1997)).

According to Plaintiffs, Secretary Landry violated the Elections Clause by administering a law which "altered both fees and numbers of nominating petition signatures required for certain statewide elective offices, including U.S. Representative and U.S. Senator."[6] She also allegedly published a news release relative to a law signed by Governor Landry.[7] In addition, Plaintiffs argue that Governor Landry issued a proclamation which "provides for both an arbitrary reduction in nominating signatures required and an extension of time afforded to acquire them, to non-recognized party, persons desiring to qualify for certain offices, included among those scheduled for the party primary elections."[8] Plaintiffs have not identified, however, any conflict between Defendants' actions and the Elections Clause. Thus, Plaintiff's Election Clause claims should be dismissed.

---

[6] *Id*. at 12.
[7] *Id*. at 10.
[8] *Id*. at 13.

Finally, construed broadly, Plaintiffs' fundamental position appears to be that closed primaries are unconstitutional and that the signature requirements imposed by Louisiana law violate the Guarantee Clause. The Supreme Court "has several times concluded, however, that the Guarantee Clause does not provide the basis for a justiciable claim." *See Rucho v. Common Cause*, 588 U.S. 684, 718 (2019). Moreover, Supreme Court precedent confirms the constitutionality of closed primaries. *See, e.g.*, *Clingman v. Beaver*, 544 U.S. 581, 595 (2005) (addressing Oklahoma's semi-closed primary system).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Plaintiffs' Complaint be **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Plaintiff be allowed to file an amended complaint within 30 days from the date of dismissal.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds.*

New Orleans, Louisiana, this 16th day of April, 2026.

_____

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE