UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JON F. HYERS, ET AL.                          CIVIL ACTION

VERSUS                                              NO. 26-286

JEFFREY M. LANDRY, ET AL.               SECTION "R" (3)

## ORDER

Before the Court is the complaint of pro se and *in forma pauperis* plaintiffs Jon F. Hyers and Elizabeth R. Glass.[1] The Court referred review of the plaintiffs' complaint to a U.S. Magistrate Judge for a report and recommendation (R&R) on whether the complaint satisfies the requirements of the federal *in forma pauperis* statute.  Magistrate Judge Dossier found that plaintiffs' complaint did not meet the *in forma pauperis* requirements and recommended dismissing the complaint without prejudice and with leave to amend.[2]  The Court has reviewed the complaint, the record, the applicable law, the Magistrate Judge's R&R, and the plaintiffs' objections. For the following reasons, the Court dismisses the complaint without prejudice and with leave to amend within thirty days of this order.

---

[1]      R. Doc. 1.

[2]      R. Doc. 12.

1

## I.    FACTUAL BACKGROUND

On February 9, 2026, Hyers and Glass filed suit against Jeffrey M. Landry, the Governor of Louisiana, and Nancy R. Landry, the Louisiana Secretary of State.[3]  Their complaint asserts claims under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments and for violations of U.S. Constitution Article VI, Section 2; Article I, Section 2, Clauses 2 and 3; and Article IV, Section 4.[4]  Plaintiffs assert that Governor Landry violated their rights by signing Louisiana H.B. 17 of 2024 and Louisiana S.B. 1 of 2025 into law.[5]  The complaint makes no specific allegations against Secretary Landry.

Magistrate Judge Dossier reviewed the complaint for frivolousness and recommended that the Court dismiss it without prejudice and with leave to amend within thirty days.[6]  She reasoned that sovereign immunity bars plaintiffs' claims that were made against Governor Landry and Secretary Landry in their official capacities.  Magistrate Judge Dossier further determined that legislative immunity barred plaintiffs' claims against Governor Landry, as his actions in signing the bills in question were integral

---

[3]    R. Doc. 1.
[4]    R. Doc. 1.
[5]    R. Doc. 1.
[6]    R. Doc. 12.

steps in the legislative process.  Judge Dossier also recommended that the Court dismiss the claims on the ground that plaintiffs did not identify how Defendants' actions violated the Elections Clause and that the Guarantee Clause does not provide the basis for a justiciable claim.

Hyers and Glass made four objections to the R&R.[7]  Plaintiffs did not object to the R&R's conclusion that the Court should dismiss the complaint without prejudice and with leave to amend within thirty days of this order.

The Court considers the objections below.

## II.    LEGAL STANDARD

The Court applies *de novo* review to the parts of the R&R to which the parties objected. Fed. R. Civ. P. 72(b)(3).  The Court is limited to plain-error review of any part of the R&R not subject to a proper objection.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

## III.    DISCUSSION

The Court first reviews *de novo* the parts of the R&R to which plaintiffs objected.  Plaintiffs' first objection is to Judge Dossier's description of their complaint as asserting that closed primaries are per se unconstitutional. Judge Dossier's R&R states that plaintiffs' "fundamental position appears to be that closed primaries are unconstitutional and that the signature

---

[7]    R. Doc. 14.

requirements imposed by Louisiana law violate the Guarantee clause."[8] Plaintiffs object to the characterization of the system as "closed primaries" instead of "semi-closed" primaries. The Court sustains the objection to the description of the primary system, as the primaries are semi-closed. That said, the objection does not remedy the fundamental problems Magistrate Judge Dossier identified in the complaint that Governor Landry is immune and that there are no allegations raised against Secretary Landry.

Second, plaintiffs object that the R&R did not address their First Amendment or Equal Protection claims, which they bring under 42 U.S.C. § 1983. Plaintiffs are correct that the R&R did not specifically address their claims under the First Amendment or Equal Protection clauses, instead citing other reasons requiring dismissal of plaintiffs' complaint. This is not an error. The Court need not consider every possible reason to dismiss a complaint and, as discussed below, sovereign immunity requires dismissal of the complaint. *See Every v. Jindal*, 413 F. App'x 725, 727 (5th Cir. 2011) (noting that a "district court need not reach the merits of any claim against any defendant if dismissal is warranted on other grounds"). The Court overrules this objection.

---

8      R. Doc. 12.

4

Third, plaintiffs object to the Magistrate Judge's conclusion that their allegations are insufficient to trigger the *Ex Parte Young* exception to sovereign immunity.  Plaintiffs seem to fear that the Magistrate Judge's ruling could be construed as holding that they could never satisfy the *Ex Parte Young* exception to sovereign immunity as to Secretary Landry.  Magistrate Judge Dossier made no such finding.  Magistrate Judge Dossier instead found that plaintiffs' allegations in the complaint were insufficient to meet the requirements required for the *Ex Parte Young* exception as to Secretary Landry.  After *de novo* review, the Court finds that finding was correct.

The Supreme Court has interpreted the Eleventh Amendment to bar suits in federal court by private citizens against nonconsenting states.  *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  This immunity extends to protect state officers acting in their official capacities, who, under the principle of state-sovereign immunity, are generally barred from suit. *Edelman v. Jordan*, 415 U.S. 651, 663-69, (1974); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).  There is an exception to this rule under the *Ex Parte Young* doctrine under which, "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law."  *Quern v.*

*Jordan*, 440 U.S. 332, 337 (1979). *Ex Parte Young* requires that the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective, *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019) (quoting *Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002)), and that the official in question has a sufficient connection to the enforcement of the challenged act, *id.* (quoting *Ex Parte Young*, 209 U.S. 123, 157 (1908)). The complaint must meet both requirements to qualify for the *Ex Parte Young* exception.

After *de novo* review, the Court finds that Magistrate Judge Dossier was correct and that plaintiffs' allegations are insufficient to meet the requisite enforcement connection as to Secretary Landry. Plaintiffs' complaint makes no claims about Secretary Landry at all, let alone that she has a connection to the enforcement of the challenged acts.[9] Without any allegations that Secretary Landry is connected to the enforcement of the challenged acts, plaintiffs do not meet the requirements of the *Ex Parte Young* exception and sovereign immunity applies. The Court overrules plaintiffs' objections to the contrary.

Finally, plaintiffs object that the R&R did not cite to *Bost v. Illinois State Board of Elections*, 146 S. Ct. 513 (2026), to establish that they had

---

9    R. Doc. 1.

standing to bring this lawsuit.  Standing is not at issue in the R&R.  This objection is without merit.  The Court overrules plaintiffs' objection.

Having addressed plaintiffs' objections, the Court examines the remainder of the R&R for clear error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983).  The Court finds no clear error.  Accordingly, the Court adopts the Magistrate Judge's R&R as its opinion except its description of Louisiana's primary system as "closed" instead of "semi-closed."

## IV.   CONCLUSION

The Court approves the Report and Recommendation of the U.S. Magistrate Judge and adopts it as its opinion in this Matter, except as to the description of the Louisiana primary system.

**IT IS ORDERED** that Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that any amended complaint must be filed within 30 days from the issuance of this order.

New Orleans, Louisiana, this <u>11th</u> day of May, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE