**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JON F. HYERS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-286** |
| **JEFFREY M. LANDRY, ET AL.** | **SECTION: "G"(3)** |

**ORDER**

Before the Court is Plaintiffs Jon F. Hyers and Elizabeth R. Glass's (collectively "Plaintiffs") Motion for Temporary Restraining Order.[1] Plaintiffs filed a Complaint in this Court against Louisiana Governor Jeffrey M. Landry and Louisiana Secretary of State Nancy Landry (collectively "Defendants").[2] In the Complaint, Plaintiffs challenged Louisiana's statutory requirements[3] governing candidates who are not affiliated with the Republican or Democratic parties.[4]

On May 16, 2026, the Magistrate Judge recommended that the Court dismiss Plaintiffs' claims against Governor Landry as barred by legislative immunity.[5] The Magistrate Judge also concluded that Plaintiffs' claim for violation of the Elections Clause and the Guarantee Clause against Secretary Landry should be dismissed.[6] On May 11, 2026, this Court adopted the Report

[1] Rec. Doc. 20.

[2] Rec. Doc. 1.

[3] Plaintiffs specifically challenge Act 1 of 2025 First Extraordinary Session and Act 1 of 2024 Second Extraordinary Session.

[4] See Rec. Doc. 1.

[5] Rec. Doc. 12 at 3.

[6] *Id.* at 4–5.

and Recommendation, dismissed the claims raised in the Amended Complaint, and permitted Plaintiffs an opportunity to file an amended complaint.[7]

On June 2, 2026, Plaintiffs filed an Amended Complaint.[8] The Amended Complaint alleges the following causes of action: (1) violations of the First Amendment (Compelled Association and Compelled Speech); (2) violations of the Equal Protection Clause; and (3) violations of the Fourteenth Amendment Due Process Clause.[9] The Amended Complaint explains that Plaintiff Jon F. Hyers's ("Hyers") is a declared candidate for the 2026 U.S. Senate election, and Plaintiff Elizabeth Glass ("Glass") is a declared candidate for the 2026 U.S. House of Representatives election.[10] The Amended Complaint states that the Secretary of State did not qualify Hyers's candidacy because he only obtained 23 certified signatures of the 2,500 required signatures, and the Secretary of State did not qualify Glass's candidacy because she only obtained three certified signatures of the 250 required signatures.[11] The Amended Complaint alleges that both Plaintiffs fell short of the required signatured "because the structure of HB 17, combined with the Secretary's failure of public notice, mass reclassification of voters, restriction of the signer pool to less than 29 percent of the registered electorate while barring the more-than-71-percent R and D majority, and inconsistent parish-level enforcement, made meaningful petition success unattainable."[12] The Amended Complaint further alleges that Plaintiffs were barred from accessing the qualifying fee

[7] Rec. Doc. 15.

[8] Rec. Doc. 16.

[9] *Id.*

[10] *Id.* at 2.

[11] *Id.* at 10–11. The number of signatures required for the nominating petitions are set by Louisiana Revised Statute § 18:465.

[12] *Id.*

path set out by HB 17 Section 410.4.[13] After the Amended Complaint was filed, Glass was officially qualified as a candidate for the office of U.S. Representative for the November 3, 2026 general election by paying a qualifying fee.[14] However, this option was not available to candidates for the U.S. Senate.[15]

In the Motion for Temporary Restraining Order, Plaintiffs request immediate intervention to preserve Hyers's ballot access as a candidate for the U.S. Senate before printing operations commence.[16] First, Plaintiffs argue they have a likelihood of success on the merits, asserting that mechanisms preventing Hyers from accessing the U.S. Senate ballot lack narrow tailoring and infringe upon voters' rights to associate and to vote for their candidate of choice.[17] Second, Plaintiffs argue there is a substantial threat of irreparable injury because the U.S. Supreme Court has established that the loss of First Amendment freedoms constitutes irreparable injury.[18] Third, Plaintiffs argue that the balance of hardships weigh in their favor because Plaintiffs face the loss of their constitutional rights while the Secretary of State faces no severe administrative burden by modifying ballet templates.[19] Fourth, Plaintiffs argue that the public interest is always served by upholding constitutional protections and ensuring competitive elections.[20]

---

[13] *Id.* at 7.

[14] Rec. Doc. 20 at 2; Rec. Doc. 20-1.

[15] Rec. Doc. 16-18; Rec. Doc. 16-19.

[16] *Id.*

[17] *Id.* at 3.

[18] *Id.*

[19] *Id.* at 4.

[20] *Id.*

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and Rule 65(b) sets forth the procedural rules governing the issuance of temporary restraining orders. In order to obtain a temporary restraining order, a plaintiff must establish the following essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[21] Because such relief is an extraordinary remedy, to justify entry of a temporary restraining order or preliminary injunction,[22] the petitioner must "clearly carr[y] the burden of persuasion on all four elements."[23] If a plaintiff fails to carry its burden as to any one of these factors, injunctive relief cannot be granted.[24] Regardless of whether the temporary restraining order is granted, Federal Rule of Civil Procedure 52(a) requires the Court to "state the findings of fact and conclusions of law that support its action."[25] This Order serves as the Court's findings of fact and conclusions of law.

When evaluating the constitutionality of ballot-access laws, the Fifth Circuit applies the *Anderson-Burdick* framework.[26] Under this standard, the Court must determine whether a law that

---

[21] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[22] The legal standard for issuance of a temporary restraining order and for a preliminary injunction are the same. *See Gregory v. Miller*, No. 04-3017, 2007 WL 891878, at *2 (E.D. La. Mar. 21, 2007).

[23] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks and citations omitted).

[24] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[25] Fed. R. Civ. P. 52(a)(1), (2).

[26] *Miller v. Nelson*, 116 F.4th 373, 379 (5th Cir. 2024).

regulates ballot access is constitutional by weighing the "character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule."[27] "The rigorousness of the inquiry into the propriety of the state election law depends upon the extent to which the challenged regulation burdens First and Fourteenth Amendment rights."[28] "[R]easonable, nondiscriminatory restrictions" are subject to less exacting review, whereas laws that impose "severe" burdens are subject to strict scrutiny.[29] Nevertheless, in every case, the Supreme Court has emphasized that "[h]owever slight [the] burden may appear . . . it must be justified by relevant and legitimate state interests 'sufficiently weighty to justify the limitation.'"[30]

Plaintiffs have not carried their burden of demonstrating entitlement to injunctive relief. Plaintiffs have not demonstrated a substantial likelihood of success on the merits. In the Amended Complaint, Plaintiffs allege that Hyers was not placed on the November 2026 U.S. Senate ballot because he failed to obtain the requisite number of signatures. In a case analyzing a similar Texas law requiring independent candidates to obtain a certain number of signatures to qualify for the general election ballot, the Fifth Circuit held that the signature requirement does not impose a severe burden on the potential candidate.[31] The Fifth Circuit further reasoned that Texas had a

[27] *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

[28] *Tex. lndep. Party v. Kirk*, 84 F.3d 178, 182 (5th Cir. 1996) (citing *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)).

[29] *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 788 and *Norman v. Reed*, 502 U.S. 279, 289 (1992)).

[30] *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191 (2008).

[31] *See e.g., Miller v. Nelson*, 116 F.4th 373 at 380.

legitimate interest in "assuring itself that the candidate is a serious contender truly independent, and with a satisfactory level of community support."[32] Plaintiffs have not made the necessary showing that the ballot-access provisions challenged in this action are unconstitutional. The burden imposed on the potential candidate does not appear to be severe and Louisiana has a legitimate interest in assuring that the candidate is a serious contender. Because Plaintiffs have failed to show a substantial likelihood of success on the merits, the Court need not analyze the remaining elements to establish entitlement to injunctive relief. Therefore, Plaintiffs have not met their burden of establishing entitlement to a temporary restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order[33] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 18th day of August, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[32] *Id.*

[33] Rec. Doc. 20.